**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

Plaintiff,

v. CIVIL ACTION NO. 2:15-cv-07959

MOUNTAINEER GAS COMPANY, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This is a subrogation action brought by an insurance company, Travelers Property Casualty Company, relating to an explosion at St. Mary's Medical Center in Huntington, West Virginia. Pending before the court are three motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, defendants Hess Corporation, Hess Energy Marketing, and Direct Energy Business Marketing (the "Hess defendants") move to dismiss the four counts in the plaintiff's complaint directed at the Hess defendants, Counts V through VIII. Defs.' Mot. to Dismiss [ECF No. 19]. Second, the Hess defendants move to dismiss co-defendant Mountaineer Gas Company's crossclaim against the Hess defendants. Defs.' Mot. to Dismiss Cross-cl. [ECF No. 33]. Lastly, third-party defendants Pallotine Health Services and St. Mary's Medical Center move to dismiss Mountaineer Gas Company's third-party complaint. Third-Party Defs.' Mot. to Dismiss Third-Party Compl. [ECF No. 37].

For the reasons discussed below, the Hess defendants' Motion to Dismiss [ECF No. 19] is **DENIED**; the Hess defendants' Motion to Dismiss Crossclaim [ECF No. 33] is **GRANTED**; and Pallotine and St. Mary's Motion to Dismiss Third-Party Complaint [ECF No. 37] is **GRANTED**.

## I. Background

On June 25, 2013, a boiler exploded at St. Mary's Medical Center in Huntington, West Virginia. The plaintiff, Travelers Property Casualty Company of America, was the insurance company providing coverage for Pallotine Health Services, which managed St. Mary's. Compl. ¶ 1, 10–11. Following the explosion, the plaintiff paid $669,009 to Pallotine according to the terms of their insurance policy. Compl. ¶ 9. This dispute—a subrogation action—arises from Travelers' attempt to recover the insurance payout from the entities Travelers alleges are responsible for the explosion. Travelers filed its action against Mountaineer Gas Company ("Mountaineer"), Combustion Service & Equipment Company ("CS&E"), and the Hess defendants, alleging, in various combinations, (1) strict liability, (2) negligence, (3) breach of contract, and (4) breach of warranty.

According to the Complaint, St. Mary's had expanded its boiler plant and installed three new boilers prior to the explosion. Compl. ¶ 12–13. CS&E was responsible for setting up the boilers. *Id.* ¶ 14. Pallotine contracted with Hess Corporation and Hess Energy[1] to purchase natural gas, which Mountaineer transmitted to St. Mary's. *Id.* ¶ 15–16. A problem arose following installation of the new boilers—the gas pressure was too low when all three boilers were operating. *Id.* ¶ 17. St. Mary's called Mountaineer and CS&E representatives, who came to St. Mary's on June 25, 2013, to troubleshoot the issue. *Id.* ¶ 18–19. After some testing, the Mountaineer

[1] Hess Energy became Direct Energy in 2014. Compl. ¶ 15.

representative advised that the low gas pressure was related to a problem with Mountaineer's gas supply. *Id.* ¶ 21. Mountaineer's representative then opened a bypass line, allowing gas to flow to the boilers without first passing through a Mountaineer strainer. *Id.* ¶ 23. The strainer's role was to remove "dirt and other impurities from the natural gas supply" before it reached St. Mary's boilers. *Id.* ¶ 22–23. The complaint alleges that "bypassing the strainer allowed natural gas containing impurities and contaminants to foul plaintiff's insured's natural gas supply lines and its gas fueled equipment causing it to malfunction." *Id.* ¶ 24. One of the boilers exploded shortly after the bypass was opened, destroying the boiler and damaging the boiler house. *Id.* ¶ 26–27.

In response to the plaintiff's complaint, Mountaineer filed an Answer, Crossclaim, and Third-Party Complaint [ECF No. 21], in which it asserted crossclaims against its co-defendants CS&E and the Hess defendants, as well as third-party claims against Pallotine and St. Mary's, on the basis that these other parties' acts were the proximate cause of the explosion and that Mountaineer should be entitled to indemnity or contribution. The Hess filed the instant motions to dismiss the plaintiff's complaint and Mountaineer's crossclaim in lieu of filing an answer. Pallotine and St. Mary's have also filed a motion to dismiss Mountaineer's third-party claims.

## II. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court stated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A court cannot accept as true legal conclusions that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677–78. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Analysis

### A. The Hess Defendants' Motion to Dismiss

The Hess defendants move to dismiss the plaintiff's claims against them—namely strict liability (Count V), negligence (Count VI), breach of contract (Count VII), and breach of warranty (Count VIII)—for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

#### i. Strict Liability and Negligence (Counts V and VI)

The Hess defendants contend that the plaintiff's strict liability and negligence claims should be dismissed pursuant to the gist of the action doctrine. Mem. Supp. Defs.' Mot. Dismiss 6. In West Virginia, courts may apply the gist of the action doctrine "to prevent the recasting of a contract claim as a tort claim." *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746

S.E.2d 568, 577 (W. Va. 2013). This doctrine bars recovery in tort when any of the following factors is present: "(1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim." *Id.*

The facts of this case are fundamentally in the nature of tort. The defendants allegedly supplied gas in a dangerously defective condition, causing or contributing to an explosion and attendant property damage to the insured. Although the plaintiff's kitchen-sink approach to pleading gives the gist of the action doctrine some allure, if anything, the plaintiffs are stretching to recast their tort action as a breach of contract action, not the other way around. The details of the alleged contract are immaterial. The fact that the parties may have had a contract for the supply of gas which may have contained "an express and/or implied term . . . [to] provide safe, reasonable and usable natural gas," Compl. ¶ 83, does not necessarily subsume the tort action. There is an independent tort duty not to supply a dangerously defective product, and such a duty would have existed regardless of the presence of a contractual term stating as much. Thus, although the plaintiff has pleaded its contract claims in language similar to that used for its tort claims, it is clear that the gist of the action lies in tort.

Accordingly, the Hess defendants' motion to dismiss Counts V (strict liability) and VI (negligence) of the Complaint is **DENIED.**

**ii. Breach of Contract and Breach of Warranty (Counts VII and VIII)**

The Hess defendants argue that the plaintiff provides "only the most cursory detail" regarding the existence of a contract between the insured and the Hess defendants. Defs.' Mot. to Dismiss 10. This critique also underpins the supposed inadequacy of the breach of warranty claim. *Id.* at 12–13. I point out that "detailed factual allegations" are not required to survive a motion to dismiss and the plaintiff's claims are not inadequate for want of detail. *Iqbal*, 556 U.S. 678; *Twombly*, 550 U.S. 555.

Even so, I have considerable doubt as to the contract and breach of warranty claims, as mentioned in my discussion of the tort claims above. I will allow them to continue, despite my reservations, as they will be more appropriately dealt with in a summary judgement context. The nature of the contract and breach of warranty claims—stemming from a boiler explosion and consequent property damage, which bear the hallmarks of a tort action—indicates that scant additional resources will be expended in allowing the contract-based claims to move forward at this stage.

Accordingly, the Hess defendants' motion to dismiss Counts VII (breach of contract) and VIII (breach of warranty) of the Complaint is **DENIED**.

**B. The Hess Defendants' Motion to Dismiss Mountaineer's Crossclaim**

The Hess defendants move to dismiss co-defendant Mountaineer's crossclaim, claiming that the crossclaim fails to plead sufficient factual allegations with respect to the Hess defendants. Mem. Supp. Mot. Dismiss Cross-cl. 5. I agree.

Mountaineer's barebones crossclaim alleges no specific facts supporting an inference that Mountaineer is entitled to contribution or indemnity. The crossclaim consists of the following

statements: (1) the Hess defendants are named in Travelers' complaint for committing "acts or omissions, which were the proximate cause of injuries and damage sustained by the Traveler's [sic] insured; (2) "Mountaineer was not negligent;" and (3) in the event that the any of the defendants are found to have been negligent, Mountaineer "is entitled to express or implied contribution or indemnity." Answer, Cross-cl., & Third-Party Compl. 11. These are precisely the types of legal conclusions that are not entitled to the assumption of truth in assessing the sufficiency of a claim under *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 678–79 ("The tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, so not suffice.").

In its Response, Mountaineer defends the sufficiency of its claim on the grounds that indemnity and contribution are derivative of the plaintiff's original claim, and as such, "Mountaineer's crossclaim effectively incorporates by reference the allegations in the Complaint." Resp. to Mot. to Dismiss Cross-cl. 6. Mountaineer did not expressly incorporate Travelers' Complaint into its crossclaim, and even so, this would not overcome Mountaineer's failure to plead sufficient facts relevant to the elements of an indemnity or contribution claim.

Accordingly, the Hess defendants' Motion to Dismiss Mountaineer's Crossclaim is **GRANTED**.

### C. Pallotine and St. Mary's Motion to Dismiss Mountaineer's Third-Party Complaint

Mountaineer filed its Third-Party Complaint asserting negligence against the insured, Pallotine and St. Mary's, and joining them as third-party defendants pursuant to Rule 14 of the Federal Rules of Civil Procedure. Mountaineer alleges that acts or omissions of the insured and its

agents were the proximate cause of the boiler explosion. Answer, Cross-cl., & Third-Party Compl. 14. Mountaineer states that that the insured are therefore "liable to Mountaineer for any and all damages complained of in this civil action." *Id*.

The third-party defendants move to dismiss on the grounds that the complaint "violates basic insurance subrogation principles" and "improperly seeks to have Travelers obtain a recovery from its own insured." Mot. to Dismiss Third-Party Compl. 4–5. Mountaineer argues that subrogation principles should have no effect on Mountaineer's third-party complaint or its ability to assert its negligence claim against Pallotine and St. Mary's. Resp. Opp. Mot. Dismiss Third-Party Compl. 9. [ECF No. 42].

The court believes Mountaineer's Third-Party claims—asserting that Pallotine and St. Mary's were negligent and proximately caused the explosion—are better conceptualized as a defense to the plaintiff Travelers' claims. Travelers is essentially standing in the shoes of its insured, Pallotine and St. Mary's, in this subrogation action. *See, e.g.*, syl. pt. 1, *Porter v. McPherson*, 479 S.E.2d 668 (W. Va. 1996) ("The doctrine of subrogation is that one who has the right to pay, and does pay, a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against that other."). Because Travelers is asserting the rights of its insured, any defenses the defendants would assert against the insured, such as comparative negligence, may be asserted against Travelers.

Moreover, it appears Mountaineer misunderstands the effect of joining a party under Rule 14. Rule 14 states in pertinent part, "[a] third-party defendant may proceed under this rule against a nonparty who is or may be liable to the third-party defendant for all or part of any claim against it." Fed. R. Civ. P. 14(5). This means that Mountaineer's third-party claims against Pallotine and

St. Mary's are limited to reimbursement of any amount Mountaineer might ultimately owe Travelers. Consequently, denying the joinder of the third-party defendants under Rule 14 does not prejudice Mountaineer in any way—asserting the allegedly negligent conduct of Pallotine and St. Mary's as a defense to reduce Mountaineer's own liability would have the same effect as directly recovering the amount of the reduction from Pallotine and St. Mary's as third-party defendants.

Accordingly, Pallotine and St. Mary's Motion to Dismiss Mountaineer's Third-Party Complaint is **GRANTED**.

## IV. Conclusion

In sum, the Hess defendants' Motion to Dismiss [ECF No. 19] is **DENIED**; the Hess defendants' Motion to Dismiss Crossclaim [ECF No. 33] is **GRANTED**; and Pallotine and St. Mary's Motion to Dismiss Third-Party Complaint [ECF No. 37] is **GRANTED**. Accordingly, the court **ORDERS** the Third-Party Complaint against Pallotine Health Services, Inc., and St. Mary's Medical Center, Inc., be **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 16, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE