IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:15-cv-07959

MOUNTAINEER GAS COMPANY, et al.,

        Defendants.

## MEMORANDUM OPINION & ORDER

Pending before the court is the third-party defendant Engel Welding, Inc.'s ("Engel") Motion for Summary Judgment [ECF No. 273]. Mountaineer Gas Company ("Mountaineer Gas"), the third-party plaintiff, filed a Response [ECF No. 286], and Engel filed a Reply [ECF No. 294]. The matter is now ripe for adjudication. For the following reasons, Engel's Motion is **DENIED in part** and **GRANTED in part**.

## BACKGROUND

This case involves a boiler explosion at St. Mary's Medical Center in Huntington, West Virginia. Although Engel was not initially named a defendant, Mountaineer Gas later brought it in as a third-party defendant, alleging contribution, negligent performance of services, and implied indemnity. *See* Third-Party Compl. [ECF No. 80]. Engel now moves this court for summary judgment on claims against it.

## LEGAL STANDARD

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

## DISCUSSION

Engel seeks summary judgment on all claims against it. First, Engel asserts that the negligence and contribution claims against it must be dismissed because Mountaineer Gas failed to present evidence that Engel was a causal factor in the explosion at issue in this case. Mountaineer Gas, in turn, argues that a litany of evidence sufficiently proves causation.

After reviewing the evidence presented on the issues raised by the parties, I **FIND** that contested issues of material fact remain as to Mountaineer Gas's negligence and contribution claims. Accordingly, I **DENY** Engel's Motion as to the negligence and contribution claims.

Engel next argues that I should dismiss Mountaineer Gas's implied indemnity claim because there is no special relationship between the parties giving rise to an implied indemnity claim. Mountaineer Gas failed to address this point.

Regardless of whether any special relationship exists between the parties, the implied indemnity claim asserted against Engel must fail as a matter of law because Mountaineer Gas cannot prevail on its implied indemnity claim. The only sort of indemnity claim Mountaineer Gas asserted against Engel is an implied indemnity claim—a claim that requires a showing that Mountaineer Gas is entirely without fault.[1] *Hager v. Marshall*, 505 S.E.2d 640, 648 (W. Va. 1998). ("[T]he right to seek implied indemnity belongs only to a person who is without fault."). Were Mountaineer Gas to prove that it was entirely without fault, then it would have no need to recover

---

[1] Implied indemnity is most often implicated in strict liability cases.

from Engel. If, on the other hand, Mountaineer Gas were proven to be partially at fault for the incident, then Mountaineer Gas could not recover under an implied indemnity claim. Previously, where a party asserting an implied indemnity claim against another was placed in this no-win situation, the Supreme Court of Appeals of West Virginia recognized that dismissal of the claim was proper. *See Schoolhouse Liab. Co. v. Creekside Owners Ass'n*, No. 13-0812, 2014 WL 1847829, at *4 (W. Va. May 8, 2014). Similarly, I **FIND** that it is impossible for Mountaineer Gas to prevail on its implied indemnity claim against Engel and **GRANT** Engel's Motion as to the implied indemnity claim.

## CONCLUSION

For the foregoing reasons, the court **ORDERS** that Engel's Motion for Summary Judgment [ECF No. 273] is **GRANTED in part** and **DENIED in part**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 1, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE