IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

          Plaintiff,

v.                                   CIVIL ACTION NO.  2:15-cv-07959

MOUNTAINEER GAS COMPANY, et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is Mountaineer Gas Company's Objection to Magistrate Judge Order [ECF No. 329]. The plaintiff filed a response [ECF No. 331], as did the third party defendants Engel Welding Inc., MIRC Construction Services, LLC [ECF No. 330], and CIMCO, Inc. [ECF No. 337].[1] The matter is ripe for adjudication. For the reasons stated herein, the defendant's Objection is **OVERRULED**.

I.    Facts

The claims at issue in this case arise from a boiler explosion that occurred at St. Mary's Medical Center ("St. Mary's"). Order 2 [ECF No. 328]. The plaintiff, Travelers Property Casualty Company of America ("Travelers"), brought this lawsuit

---

[1] The court notes that CIMCO's response was over two months late. CIMCO, Inc.'s Resp. Obj. to Mag. Order [ECF No. 337].

on behalf of its insured, St. Mary's, against Mountaineer Gas Company ("Mountaineer"), Combustion Services & Equipment Co. ("CS&E"), Hess Corporation, Hess Energy Marketing, LLC, and Direct Energy Marketing, LLC. Compl. 1 [ECF No. 1]. Mountaineer brought a third party action against CIMCO, Inc. ("CIMCO"), MIRC Construction Services, LLC ("MIRC"), and Engel Welding, Inc. ("Engel"). Answer, Cross-Cl. & Third-Party Compl. of Mountaineer [ECF No. 21].

According to Mountaineer, certain inspection and testing of the gas supply system and the boiler components needed to take place in order to gain information regarding the cause or causes of the explosion. Order 2. "Mountaineer, on its own initiative, sought inspection and testing of: (1) air flow of the gas strainer removed from Mountaineer's piping system following the explosion, and the screen removed from a regulation valve on the piping for the exploded boiler (flow testing); and (2) laboratory analysis of debris gathered from various components of the natural gas piping system following the explosion (debris analysis)." *Id.* at 3–4.

Before conducting the testing or analysis, Mountaineer provided drafts of the proposed protocols to govern the work to the other parties. *Id.* at 4. Several of the parties made clarifications to the proposed protocols. *Id.* During these email exchanges, Travelers stated, "there will be a cost involved in shipping the evidence. . . . Is Mountaineer willing to share in the cost of that transport?" *Id.* Mountaineer responded, "I would expect all the parties to share the costs associated with inspection and testing. If anyone does not agree to contribute to the costs of

2

inspection and testing, please let the group know." *Id.* at 5. Only Engel responded that it did "not agree to share the costs associated with inspection and testing." *Id.*

Thereafter, Mountaineer filed a Notice of Flow Testing and Notice of Debris Analysis with the Clerk of the Court stating the date, time, and location of the testing and analysis. *Id.* Both notices informed the parties that they were "invited to attend and protect [their] interests as they appear herein." *Id.* Representatives for Mountaineer, Travelers, Engel, and CS&E participated in the testing and analysis. *Id.* The total cost of the debris analysis and flow testing amounted to $39,805.15. *Id.*

On October 3, 2016, counsel for Mountaineer emailed counsel for all of the parties stating that "dividing the cost between Mountaineer, Travelers, CS&E, CIMCO, and MIRC comes out to $6,634.19. Please send a check payable to Mountaineer. . . ." *Id.* at 6. That same day, CS&E, MIRC, CIMCO, and Travelers all individually responded that they did not agree to split the costs and that they would not pay the money Mountaineer was requesting.

On November 28, 2016, Mountaineer filed a Motion for Protective Order to Allocate Discovery Costs. Mot. Protective Order to Allocate Disc. Costs ("Mountaineer's Mot.") [ECF No. 226]. The motion requested that the court enter "a protective order requiring Travelers, CSE, Engel,[2] CIMCO, and MIRC to pay equal

---

[2] Mountaineer acknowledges that (1) Engel told Mountaineer that it would not share in the costs of testing before the testing occurred, and (2) Mountaineer did not ask Engel to pay part of the discovery costs in its last email. Nevertheless, Mountaineer argues that the court should require Engel to share the costs because it actively participated in the testing, and its expert relied upon the results of both in their report. *Id.*

3

shares of the costs of the Flow Testing and Debris Analysis." *Id.* at 6. On September 25, 2017, Magistrate Judge Dwane L. Tinsley entered an order denying Mountaineer's motion [ECF No. 328]. On October 10, 2017, Mountaineer timely filed its objection to the magistrate judge's findings. Obj. to Mag. Judge Order [ECF No. 329].

## II. Legal Standards

### a. Review of Magistrate Judge's Order

Motions for protective orders under Rule 26 are not dispositive motions. Federal Rule of Civil Procedure Rule 72(a) governs district courts' review of non-dispositive orders entered by a magistrate judge. Under this rule,

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). "'Clearly erroneous' and 'contrary to law' are not synonyms. . . ." *HSBC Bank USA, Nat'l Ass'n v. Resh*, No. 3:12-cv-00668, 2017 WL 317820, at \*6 (S.D. W. Va. Jan. 28, 2014).

When analyzing a magistrate judge's findings of fact, district courts use the "clearly erroneous" portion of Rule 72(a). The clearly erroneous standard is "deferential and findings of fact should be affirmed unless the reviewing court's view

4

of the entire record leaves the Court with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted) (quotation marks omitted). Conversely, when review turns on a pure question of law, the district court's review falls under the "contrary to law" portion of Rule 72(a). "[T]here is no practical difference between review under Rule 72(a)'s contrary to law standard and [a] de novo standard." *Id.* (citations omitted). Here, Mountaineer challenges the legal findings of the magistrate judge. Therefore, the court will review the Magistrate Judge's order under the contrary to law standard.

### b. Protective Order

Mountaineer moved for a protective order under Rule 26(c)(1)(B). Mountaineer's Mot. 1. Under Rule 26, a party "may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1). The protective order may specify terms of discovery, "including time and place or the allocation of expenses, for the disclosure or discovery." *Id.* "The moving party bears the burden of showing good cause why the protective order should be granted." *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 221 (N.D. W. Va. 2007) (citations omitted). Even though the rule recognizes court's authority to enter such orders, this "does not imply that cost-shifting should become a common practice. Courts and parties should continue to assume that a responding party ordinarily bears the costs

of responding." Fed. R. Civ. P. 26(c)(1)(B) advisory committee's note to 2015 amendment.

## III. Discussion

In its objection, Mountaineer argues that the Magistrate Judge erred by reading into Rule 26 a requirement that parties have a binding contract to share discovery costs before the court can enter a protective order allocating costs. Obj. Mag. Judge Order 7. I concur with the Magistrate Judge and overrule the objection for slightly different reasons. First, Rule 26(c)(1) is prospective in nature. Mountaineer should have sought the protective order allocating the costs of the flow testing and debris analysis before the discovery was conducted. Therefore, Mountaineer's motion for protective order was untimely. Second, Mountaineer did not show "good cause," as required by Rule 26(c)(1), for a protective order.

## IV. Conclusion

Mountaineer Gas Company's Objection to Magistrate Judge Order [ECF No. 329] is **OVERRULED**, and the Magistrate Judge's ruling is **AFFIRMED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 15, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE